UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRE VANCE POWELL,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO.: 3:19-CV-297-RLM-MGG

OPINION AND ORDER

Andre Vance Powell, a prisoner without a lawyer, filed an amended habeas corpus petition pursuant to 28 U.S.C. § 2241 attempting to challenge a decision to revoke his placement in the South Bend Community Re-Entry Center (WCC - 93875). Mr. Powell argues that his due process rights were violated when his custody level was changed, he was removed from his community re-entry placement, and transferred - all without notice or a hearing. He further alleges that these acts violated his right to equal protection under the law, and were done in retaliation for engaging in protected speech. He asks that he be reinstated to level 1 status and re-entry placement, and that he be immediately transitioned to work release status.[1]

There is no constitutional liberty or property interest in participation in a work release program. *See* DeTomaso v. McGinnis, 970 F.2d 211, 212 (7th Cir.

---

[1] Mr. Powell also asks that a disciplinary sanction related to this classification change be vacated, but he is already challenging the disciplinary sanction imposed in WCC 18-10-0017 in another case, Powell v. Warden, 3:19-CV-198-JD-MGG.

1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments.")

> *Joihner v. McEvers*, 898 F.2d 569 (7th Cir. 1990), concluded that the opportunity to be assigned to a work camp in Illinois (a cousin to work release) creates neither a liberty nor a property interest, so that the due process clause of the fourteenth amendment does not apply.

DeTomaso v. McGinnis, *supra.* Likewise, "the Indiana work release scheme does not create a protectible [sic] entitlement." Young v. Hunt, 507 F. Supp. 785, 789 (N.D. Ind. 1981). A prison or jail doesn't need a reason to relocate a convicted inmate, nor is a prisoner entitled to due process before he is relocated. Sandin v. Conner, 515 U.S. 472, 485 (1995). Because Mr. Powell wasn't entitled to due process before he was removed from his placement in the community re-entry program, his allegation that he was denied due process isn't a basis for habeas corpus relief.

Even if Mr. Powell had been entitled to due process, habeas corpus would not be the correct means by which to challenge the transfer.

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence- shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all, which under *Sandin v. Conner* … will be uncommon.

Moran v. Sondalle, 218 F.3d 647, 650-651 (7th Cir. 2000) (citations omitted). *See* Graham v. Broglin, 922 F.3d 379, 381 (7th Cir. 1991) (concluding that challenges to denial of work release must be brought as civil rights action.)

2

Because the revocation of his community re-entry placement didn't alter the fact or duration of his confinement, Mr. Powell can't challenge this in a habeas corpus action.

For these reasons, the court DENIES the amended habeas corpus petition and DIRECTS the clerk CLOSE this case.

SO ORDERED on June 26, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT