UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRÉ VANCE POWELL,

    Petitioner,

    v.    CAUSE NO.: 3:19-CV-297-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

André Vance Powell, a prisoner without a lawyer, filed two motions[1] to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF 14; ECF 20.) Mr. Powell also filed a motion seeking to further clarify the record. (ECF 25.) In the motions, Mr. Powell asserts that this court erred when it denied his habeas petition brought pursuant to 28 U.S.C. § 2241. That petition challenged his transfer from the South Bend Re-Entry Center to the Westville Correctional Facility without a hearing – a transfer that Mr. Powell argues violates the Due Process Clause and the Equal Protection Clause. Mr. Powell further argues that the transfer was made in retaliation for the exercise of his rights under the First Amendment, and he has been subjected to harsh conditions of confinement following his transfer.

In denying Mr. Powell's petition, this court noted that there is no constitutional liberty or property interest in participation in a work release

---

[1] The motions are identical, but were filed twice – once on July 24, 2019, and once on August 12, 2019.

program. *See* DeTomaso v. McGinnis, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments.")

> *Joihner v. McEvers*, 898 F.2d 569 (7th Cir. 1990), concluded that the opportunity to be assigned to a work camp in Illinois (a cousin to work release) creates neither a liberty nor a property interest, so that the due process clause of the fourteenth amendment does not apply.

*Id.* This court further noted that "the Indiana work release scheme does not create a protectible [sic] entitlement." Young v. Hunt, 507 F. Supp. 785, 789 (N.D. Ind. 1981). A prison doesn't need a reason to relocate a convicted inmate, and an inmate isn't entitled to due process before he is relocated. Sandin v. Conner, 515 U.S. 472, 485 (1995) (holding that due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life."). Thus, this court concluded that, because Mr. Powell wasn't entitled to due process before he was removed from his placement in the community re-entry program, his allegation that he was denied due process wasn't a basis for granting habeas corpus relief.

This court also concluded that, even if Mr. Powell had been entitled to due process, his remedy would be found in an action pursuant to 42 U.S.C. § 1983, not a habeas corpus petition.

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence- shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must

2

instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all, which under *Sandin v. Conner* … will be uncommon.

Moran v. Sondalle, 218 F.3d 647, 650-651 (7th Cir. 2000) (citations omitted). *See* Graham v. Broglin, 922 F.3d 379, 381 (7th Cir. 1991) (concluding that challenges to denial of work release must be brought as civil rights action.)

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006). "But such motions are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." Miller v. Safeco Ins. Co. of Am., 683 F.3d 805, 813 (7th Cir. 2012).

Mr. Powell argues that this court misunderstood his claim and that his due process rights have been violated because the extent of his victimization is greater than that imposed by a "garden variety due process claim." (ECF 14 at 1.) Mr. Powell cites to several cases and vigorously argues that he did in fact suffer a sufficient reduction in freedom triggering the need for due process before he was transferred from the re-entry center to the Westville Correctional Center. Most of the cases[2] that Mr. Powell relies upon, however, are cases brought

---

[2] Mr. Powell relies on Brennan v. Cunningham, 813 F.2d 1, 4–5 (1st Cir.1987), a case addressing a similar issue on a habeas petition, but our court of appeals found that *Brennan* was, in actuality, a challenge to the petitioner's length of confinement. *See* Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) (noting that successful completion of the work release program at issue in *Brennan* - a program designed to test the prisoner's ability to function outside of prison - would have led to parole).

3

pursuant to 42 U.S.C. § 1983. *See* Domka v. Portage Cnty., 523 F.3d 776, 781 (7th Cir. 2008) (considering without deciding "whether being removed from a home-detention program into jail is a sufficiently large incremental reduction in freedom to be classified as a deprivation of liberty under the *Sandin* doctrine"); Paige v. Hudson, 341 F.3d 642, 643 (7th Cir. 2003) (holding that removing a probationer from home detention amounted to a deprivation of liberty requiring due process); White v. Steuben Cty., Ind., No. 1:11-CV-019, 2011 WL 4496504, at *6 (N.D. Ind. Sept. 27, 2011) (collecting cases both within and outside the Seventh Circuit that found that inmates do not have a protected liberty interest in continued participation in a work release program arising from either the Due Process Clause itself or state regulations); Hoffman v. Knoebel, No. 4:14-CV-00012-SEB-TAB, 2017 WL 1035933, at *6 (S.D. Ind. Mar. 17, 2017) (engaging in a fact-specific inquiry into the requirements and rules that the plaintiff was subjected to and concluding that "these restrictions make clear that, unlike a post-release probationer or parolee, Bennett was not permitted to live free of the typical restrictions associated with imprisonment"); Segreti v. Gillen, 259 F. Supp. 2d 733, 738 (N.D. Ill. 2003) (concluding that once an inmate was awarded work-release pursuant to 20 Ill.Adm.Code 504, that inmate had a statutory liberty interest in participation in the work-release program that could not be terminated without due process).

While the issue that Mr. Powell raises is complex, the cases on which he relies confirm that this court's judgment was correct – even if Mr. Powell had a

liberty interest such that due process was required before transferring him from the re-entry center, that claim must be brought pursuant to 42 U.S.C. § 1983.

Despite presenting numerous cases that address similar issues in the context of litigation pursuant to section 1983, Mr. Powell continues to urge that his challenge to his transfer from the re-entry center is an issue appropriate for consideration under 28 U.S.C. § 2241. Our court of appeals squarely addressed this issue in <u>Graham v. Broglin</u>, 922 F.2d 379, 381 (7th Cir. 1991), a case this court relied upon in denying Mr. Powell's petition.

> The cases suggest the following generalization. If the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation—then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.
>
> The line is not a sharp one, and work release falls smack in the middle. But since we must choose, we think it is closer to the second pole than to the first. The prisoner remains confined, but instead of spending the daytime hours working in a prison factory, he works in a factory outside the prison. The factories may be identical, proximate, and so forth and the prisoner may be under the same restrictions in either place, in which event only the location differs—not the quantum of confinement. This is not to say that the prisoner will be indifferent between the two forms of confinement. Nor will the two work places always be so similar as in our example. But lines are lines, and we place work release on the civil rights side.

<u>Graham v. Broglin</u>, 922 F.2d at 381. These distinctions might seem fuzzy, the by the court of appeals drew a line and placed claims like those brought by Mr. Powell in the category of civil rights cases, not habeas cases. Mr. Powell's

5

circumstances are, of course, not identical to those at issue in *Graham*, but the court of appeals acknowledged that there would be differences, and nonetheless drew a line.

Mr. Powell also claims that he was treated less favorably than similarly situated inmates, in violation of the Equal Protection Clause, that he was transferred in retaliation for engaging in protected First Amendment activity, and that he has been subjected to deplorable living conditions while housed at the Westville Correctional Facility. Those claims fall squarely within the ambit of 42 U.S.C. § 1983.

In short, Mr. Powell hasn't demonstrated a manifest err of law or fact, so his motions for reconsideration and motion to clarify the record will be denied.

Mr. Powell has also filed a motion (ECF 16) seeking leave to proceed *in forma pauperis*. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Because reasonable jurists could disagree about whether Mr. Powell's petition should have been resolved in a different manner, the court finds that his appeal is taken in good faith. Mr. Powell's motion to proceed *in forma pauperis* (ECF 16) will be granted, and the filing fee will be waived.

Mr. Powell has also filed a motion seeking appointment of counsel on appeal. (ECF 17.) However, this court does not have authority to appoint counsel for an appeal—only the Circuit Court can do that. This motion (ECF 17) for appointment of counsel will be denied.

For these reasons, the court:

(1) DENIES André Vance Powell's Rule 59(e) Motion to Alter or Amend Judgement (ECF 14; ECF 20);

(2) DENIES André Vance Powell's Motion to Further Clarify the Record (ECF 25);

(3) GRANTS André Vance Powell's motion to proceed *in forma paueris* on appeal (ECF 16); and

(4) DENIES André Vance Powell's motion seeking appointment of counsel (ECF 17).

SO ORDERED on October 21, 2019

                                              s/Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT